IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| BIGLER LP; | § | Case No. 09-38188 |
| BIGLER LAND, LLC; | § | Case No. 09-38189 |
| BIGLER PETROCHEMICAL, LP; | § | Case No. 09-38190 |
| BIGLER PLANT SERVICES, LP; | § | Case No. 09-38192 |
| BIGLER TERMINALS, LP | § | Case No. 09-38194 |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | |
| | § | Jointly Administered Under |
| | § | Case No. 09-38188 |

**DEBTORS' APPLICATION UNDER 11 U.S.C. §§ 327 AND 330
TO EMPLOY STRATEGIC CAPITAL CORPORATION TO PROVIDE THE
SERVICES OF H. MALCOLM LOVETT, JR. AS THE DEBTORS'
<u>CHIEF RESTRUCTURING OFFICER</u>**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 2, 2009 AT 10:00 AM IN COURTROOM 600, U.S. BANKRUPTCY COURT, 515 RUSK AVENUE, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Bigler LP, Bigler Land, LLC, Bigler Petrochemical, LP, Bigler Plant Services, LP, and Bigler Terminals, LP, each a debtor-in-possession (collectively, the "<u>Debtors</u>"), hereby apply (the "<u>Application</u>") for an order, pursuant to section 327(a) and section 330(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (i) authorizing the Debtors to retain and employ Strategic Capital Corporation ("<u>SCC</u>") to provide the services of H. Malcolm Lovett, Jr. ("<u>Lovett</u>") as the

HOU_IMANAGE-756231

Chief Restructuring Officer of the Debtors; (ii) approving the terms and conditions under which Lovett will be retained and compensated; and (iii) granting related relief. In support of the Application, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On October 30, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

3. The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

4. The Debtors and their affiliates are engaged in a variety of operations within the chemical, petrochemical, and marine terminals industries. The Debtors currently have approximately 70 employees. The Debtors' corporate headquarters are located at 1920 N. Memorial Way, Suite 201, Houston, Texas 77007.

5. The Debtors' assets consist of a refined products storage facility, a petrochemical processing facility, 271 acres of land located on the Houston Ship Chanel, equipment, pipeline, storage tanks, and intangible assets including environmental permits and emissions credits, licensing agreements, and other engineering intellectual property.

## RELIEF REQUESTED

6. By this Application, the Debtors respectfully request entry of an order, pursuant to Bankruptcy Code sections 327(a) and 330(a) and Bankruptcy Rule 2014, (i) authorizing the Debtors to retain and employ SCC to provide the services of Lovett as Chief Restructuring Officer to the Debtors, (ii) approving the terms and conditions contained in that certain letter agreement, dated November 6, 2009 (the "Engagement Agreement"), under which Lovett will be retained and compensated at the expense of the Debtors' estates and (iii) granting related relief. A copy of the Engagement Agreement is annexed as Exhibit B.[1] Lovett will be engaged through his wholly owned company SCC.

## BASIS FOR RELIEF REQUESTED

7. Under section 327 of the Bankruptcy Code, a debtor-in-possession may employ one or more professionals, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist the debtor-in-possession in carrying out its duties under the Bankruptcy Code. Under section 330(a) of the Bankruptcy Code, a professional for a debtor-in-possession may receive reasonable compensation.

8. Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

---

[1] Any statements contained herein concerning the terms and conditions of the Engagement Agreement are qualified entirely by reference to the Engagement Agreement. In the event of a conflict between this Application and the Engagement Agreement, the Engagement Agreement shall control.

9. By this Application, the Debtors request that the Court approve the employment and compensation arrangements described in the Engagement Agreement pursuant to section 327(a) of the Bankruptcy Code. The employment arrangements contained in the Engagement Agreement are beneficial to the Debtors' estates and the compensation arrangements provide certainty and proper inducement for Lovett to act expeditiously and prudently with respect to the matters for which he will be employed.

A.  **Debtors' Relationship with Lovett**

10. The Debtors engaged Lovett on November 5, 2009, to provide the Debtors with the financial advisory and managerial services of a Chief Restructuring Officer. The Debtors chose Lovett to act as the Debtors' Chief Restructuring Officer because Lovett has substantial expertise and experience in the operation, sale, and restructuring of troubled companies as described in more detail below. As a result, the Debtors believe that Lovett is well qualified to perform these services and represent the Debtors' interests in these Chapter 11 cases.

B.  **Qualifications of Lovett**

11. Lovett has forty years of financial and executive management experience. He has served as the Chief Executive Officer, Chief Financial Officer, Chairman, and Director of companies in a wide variety of fields including the financial and energy industries. He holds an M.B.A. from the Harvard Graduate School of Business Administration and a bachelor's degree from Rice University.

12. Lovett has substantial experience working with distressed companies in different capacities both in and out of bankruptcy. He has served as President, Director, liquidating trustee, receiver, financial advisor, and Chapter 11 trustee to companies in the energy, retail, financial, and other industries.

13. Lovett has served as a Chief Restructuring Officer in numerous Chapter 11 cases in the Southern District of Texas.

C. **Disinterestedness of Lovett**

14. To the best of the Debtors' knowledge, information and belief, and based entirely and in reliance upon the Affidavit of H. Malcolm Lovett, Jr. (the "Lovett Affidavit"), attached as Exhibit A to this Application: (a) Lovett and SCC are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, and hold no interest materially adverse to the Debtors, their creditors, and shareholders for the matters for which Lovett is to be employed; and (b) Lovett and SCC have no connection to the Debtors, their creditors, shareholders or related parties herein except as disclosed in the Lovett Affidavit. Moreover, the retention and employment of Lovett is necessary and in the best interests of the Debtors, their estates, creditors and equity interest holders.

15. Also to the best of the Debtors' knowledge, information and belief, and based entirely and in reliance upon the Lovett Affidavit: (i) to the best of Lovett's knowledge, information and belief, none of Lovett's past or current engagements would or does appear to create an interest materially adverse to the interests of the Debtors, creditors, or equity security holders in these cases and, as such, the Debtors believe that Lovett is disinterested and holds no materially adverse interest as to the matters upon which he is to be retained; and (ii) to the extent Lovett or SCC discovers any facts bearing on the matters described herein during the period of Lovett's retention, they will supplement the information contained in the Lovett Affidavit.

D. **Scope of Services to be Provided**

16. The parties have entered into the Engagement Agreement, which governs the relationship between Lovett and the Debtors. The terms and conditions of the Engagement Agreement were negotiated, and reflect the parties' mutual agreement as to the substantial efforts that will be required in this engagement. Under the Engagement Agreement, Lovett, through SCC, will provide the Debtors with certain financial advisory and managerial services as the Debtors' Chief Restructuring Officer.

17. It is necessary that the Debtors employ Lovett as their Chief Restructuring Officer. The Debtors believe that his services will not duplicate the services that other professionals will be providing the Debtors in these cases. Specifically, Lovett will carry out unique functions and will use reasonable efforts to coordinate with the Debtors and other professionals retained in these cases to avoid the unnecessary duplication of services.

### E. Compensation

18. As set forth in the Engagement Agreement, the Debtors and SCC agreed to the following terms of compensation:

   a. <u>Hourly Fee</u>: SCC will invoice the Debtors for Lovett's monthly services on an hourly fee basis at a standard hourly billing rate of $410. Lovett agrees not to increase this hourly billing rate during the course of the representation. All charges will be billed in six-minute increments.

   b. <u>Expenses</u>: In addition to any hourly fees that may be payable to SCC, the Debtors will reimburse SCC for expenses such as travel expenses (including mileage, parking, airfare, lodging, meals, and ground transportation), messenger and delivery services, photocopying, long distance telephone, telecopying, computer charges and similar items. To the extent that an outside vendor is used, SCC will be entitled to reimbursement of its actual costs paid to such outside vendor.

   c. <u>Carve Out</u>: The Debtors agree that SCC will participate fully on a pro-rata basis in any Court-approved "carve-out" of funds from cash collateral to be utilized for the payment of professional fees and expenses in this case.

   d. <u>Independent Counsel</u>: Subject to Court approval, the Debtors agree that Lovett may, after consulting with the Debtors, seek to retain his own counsel, independent of any counsel that may represent the Debtors in connection with his

service as Chief Restructuring Officer. The Debtors agree to pay for any fees or expenses approved by the Court related to such independent counsel. The choice of such independent counsel will be at Lovett's sole discretion. The Debtors reserve the right to object to retention of counsel and payment of fees before the Court.

19. The compensation structure described in the Engagement Agreement is reasonable and comparable to those generally charged by Chief Restructuring Officers of similar stature to Lovett.

20. Pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the local rules, Lovett will apply to the Court for the interim and final allowance of compensation and reimbursement of expenses as a professional person pursuant to sections 327(a) and 330 of the Bankruptcy Code, the Bankruptcy Rules and applicable local rules and orders. Mr. Lovett will receive monthly compensation pursuant to and in accordance with the Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professionals (Docket No. 37).

## NOTICE

21. Notice of this Application has been provided to the persons and entities listed on the attached Certificate of Service. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto as Exhibit C, (i) authorizing the Debtors to retain and employ Lovett, through his company, SCC, as Chief Restructuring Officer to the Debtors, (ii) approving the terms and conditions contained in the Engagement Agreement and (iii) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 10th day of November, 2009.

**Bigler LP,**
**Bigler Land, LLC,**
**Bigler Petrochemical, LP,**
**Bigler Plant Services, LP,**
**Bigler Terminals, LP**

By: _____
Joel Herger
President of Bigler Management, Inc., the General Partner of Bigler LP;
President of Bigler Land, LLC;
President of Bigler Petrochemical Management, LLC, the General Partner of Bigler Petrochemical, LP;
President of Bigler Plant Services Management, LLC, the General Partner of Bigler Plant Services, LP;
President of Bigler Terminals Management, LLC, the General Partner of Bigler Terminals, LP

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the parties registered with the Clerk's Office ECF facilities on this 10th day of November 2009.

                /s/ Henry J. Kaim
                Henry J. Kaim