IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| BIGLER LP; | § | Case No. 09-38188 |
| BIGLER LAND, LLC; | § | Case No. 09-38189 |
| BIGLER PETROCHEMICAL, LP; | § | Case No. 09-38190 |
| BIGLER PLANT SERVICES, LP; | § | Case No. 09-38192 |
| BIGLER TERMINALS, LP | § | Case No. 09-38194 |
| | § | |
| | § | Chapter 11 |
| Debtors. | § | |
| | § | JOINTLY ADMINISTERED |
| | § | UNDER CASE NO. 09-38188 |

**OBJECTION OF AMEGY BANK NATIONAL ASSOCIATION
TO EMERGENCY MOTION OF CERTAIN M&M LIEN CLAIMANTS
FOR APPOINTMENT OF M&M LIEN CLAIMANTS COMMITTEE**
[Related Docket No. 74]

Amegy Bank National Association, for itself and in its capacity as administrative and collateral agent ("Amegy") for certain other prepetition secured lenders under that certain Amended and Restated Credit Agreement dated April 17, 2008, and that certain Loan Agreement dated May 18, 2007, files this Objection (the "Objection") to the Motion of Certain M&M Lien Claimants for Appointment of M&M Lien Claimants Committee (the "Motion"). In support of the Objection, Amegy respectfully states as follows:

1. Amegy objects to the request made in the Motion for entry of an Order directing the appointment of an official committee of M&M Lien Claimants[1] for many of the same reasons set forth in the respective objections of the captioned debtors (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"). Appointment of such a committee is unfounded because the M&M Lien Claimants are and will continue to be adequately represented by the Committee in these cases. Further, such appointment is not

---
[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1759593v1

justified by the nature of these cases and will unnecessarily drain scarce estate assets with no concomitant benefit. As evidenced by the few hearings to date in these cases, the M&M Lien Claimants are represented by capable counsel, who are more than sufficient to represent their clients' interests before this Court. *See In re Hill Stores Co.*, 137 B.R. 4, 8 (Bankr. S.D.N.Y. 1992)(noting that where the movants were already represented by counsel, the request for appointment of an additional committee was determined not to be "a dispute about adequate representation, but about adequate assurance of alternative compensation"). For these reasons, and the reasons set forth in the Debtors' and Committee's objections, the Motion must be denied.

2.  There is no dispute as to the standard for appointment of an additional committee. Section 1102(a) of the Bankruptcy Code provides in relevant part that "the court may order the appointment of additional committees of creditors or equity security holders if necessary to assure adequate representation of creditors and equity security holders." 11 U.S.C. § 1102(a)(2). The M&M Lien Claimants bear the burden of proving that they are not adequately represented. *In re Winn-Dixie Stores, Inc.*, 326 B.R. 853, 857 (Bankr. M.D. Fla 2005). The M&M Lien Claimants are unable to satisfy this burden.

3.  In *In re Garden Ridge Corp.*, No. 04-10324 (DDS), 2005 WL 523129 (Bankr. D. Del. March 2, 2005), the court denied a motion seeking the appointment of an official landlords' committee on the basis that if a landlord's lease was assumed, it would be paid in full in connection with its cure claim, while if such lease was rejected, the landlord would be an unsecured creditor represented by the unsecured creditors' committee. *Id.* at *4. Such is the case here. The M&M Lien Claimants, to the extent they are secured creditors, will enjoy the benefits afforded them under their liens and section 506 of the Bankruptcy Code. If they are

undersecured and possess unsecured claims, then such interests are more than adequately represented by the Committee.

4.  The appointment of an additional committee in these cases would substantially increase administrative costs and drain scarce estate assets, with no resulting benefit. The Debtors' estates should not be burdened with the added expense of an additional committee of allegedly secured creditors, with their own professionals, whose sole mandate is to establish the conflicting claims of its constituents, rather than seeking to benefit the estate as whole. *See In re Winn-Dixie.*, 326 B.R. at 857-858. Amegy would not oppose, however, the addition of one or more M&M Lien Claimants to the existing Committee, should any such creditors be inclined to serve.

5.  For these reasons, and the reasons set forth in the objections of the Debtors and the Committee, the Motion should be denied.

Respectfully submitted this 24th day of November 2009.

/s/     James Matthew Vaughn
James Matthew Vaughn
Texas State Bar No. 24028088
Porter & Hedges, L.L.P.
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone:  (713) 226-6000
Facsimile:  (713) 226-6287
mvaughn@porterhedges.com

**Counsel for Amegy Bank National Association**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served by first class United States mail, postage prepaid, on the 24th day of November 2009, on the parties listed on the attached Service List.

                                         /s/  James Matthew Vaughn
                                         James Matthew Vaughn

## SERVICE LIST

**Debtor**
Bigler LP, et al.
1920 N. Memorial Way
Suite 201
Houston, TX  77007

**Debtor's Counsel**
Henry J. Kaim
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX  77002

**U.S. Trustee**
Office of the US Trustee
515 Rusk Ave., Suite 3516
Houston, TX  77002

**20 Largest Creditors**
American Pump & Machine Works, Inc.
P.O. Box 119
Geismar, LA  70734-0119

Baker Hughes
12645 W. Airport Blvd.
Sugar Land, TX  77478

BASF Corporation
P.O. Box 92530
Chicago, IL  60675

Billipp/Portwest LP
c/o J.A. Billipp Company
6925 Portwest Dr. Suite 130
Houston, TX  77024

Buckeye Gulf Coast Pipe Lines LP
9999 Hamilton Blvd.
Five TEK Park
Breinigsville, PA  18031

G&K Services
P.O. Box 5498
Houston, TX  77262-9998

Infinity Construction Services LP
2301 Battleground Road
La Porte, TX  77571

Intertek
1114 Seaco Avenue
Deer Park, TX  77536

Kinder Morgan
Dept. 3003
P.O. Box 201607
Dallas, TX  75320-1607

Mammoet USA Inc.
20626 FM 521
Rosharon, TX  77583

Mobile Mini Inc.
P.O. Box 79149
Phoenix, AZ  85062

Rain for Rent
2712 Battleground Road
La Porte, TX  77571

RW Beck
4975 Preston Park, Suite 850
Plano, TX  75093

SAGE Environmental Consulting
P.O. Box 671545
Dallas, TX  75267-1545

Software Decisions Inc.
6821 Southwest Frwy Suite 602
Houston, TX  77057

SPX Cooling Tower Technologies, Inc.
12555 Gulf Freeway, Suite B
Houston, TX  77034

1759593v1

Test America
P.O. Box 122314
Dept. 2314
Dallas, TX  75312

Trico Equipment
1101 Wheaton Avenue
Millville, NJ  08332

USA Environmental LP
P.O. Box 4986
Dept. 78
Houston, TX  77210\

White-Tucker Company
13895 Westfair East Drive
Houston, TX  77041