IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BIGLER LP; | § | C.A. NO. 09-38188 |
| BIGLER LAND, LLC; | § | C.A. NO. 09-38189 |
| BIGLER PETROCHEMICAL, LP; | § | C.A. NO. 09-38190 |
| BIGLER PLANT SERVICES, LP; | § | C.A. NO. 09-38192 |
| BIGLER TERMINALS, LP | § | C.A. NO. 09-38194 |
| | § | |
| DEBTORS | § | (Chapter 11) |
| | § | |
| | § | Jointly Administered |

**OBJECTION OF SHAW MAINTENANCE, INC. TO DEBTORS'
EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 363, AND 364 FOR
INTERIM AND FINAL ORDERS (I) AUTHORIZING AND APPROVING THE
DEBTORS' USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE
PROTECTION TO CERTAIN PREPETITION SECURED PARTIES; (III)
AUTHORIZING DEBTORS TO (A) OBTAIN POSTPETITION FINANCING, AND (B)
GRANT SENIOR LIENS, JUNIOR LIENS, AND SUPERPRIORITY
ADMINISTRATIVE EXPENSES STATUS; (IV) SCHEDULING A FINAL HEARING;
AND (V) GRANTING RELATED RELIEF [Doc. 67]**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, JEFF BOHM:

SHAW MAINTENANCE, INC., a secured creditor (hereinafter referred to as "Movant"), presents its Objection (the "Objection") to Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 363, and 365 for Interim and Final Orders (i) Authorizing and Approving the Debtors' Use of Cash Collateral; (II) Granting Adequate Protection to Certain Prepetition Secured Parties; (III) Authorizing Debtors to (A) Obtain Post-Petition Financing, and (B) Grant Senior Liens, Junior Liens, and Superpriority Administrative Expenses Status; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief (the "Motion") [Document 67], and in support hereof, would respectfully state as follows:

Page 1

# I.
# BACKGROUND FACTS

1. On October 30, 2009 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code.

2. On November 5, 2009, the Count entered orders jointly administering the Debtors' bankruptcy cases. The Debtors continue in possession of their property and are operating their businesses as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On or about November 17, 2009, the Debtors filed their Motion requesting the use of cash collateral and post-petition financing. A hearing on the Motion is set for Tuesday, November 24, 2009, at 3:30 p.m.

4. Movant is the original contractor for the improvements for which a lien is claimed pursuant to the provisions of Article 16, Section 37 of the Texas Constitution. A true and correct copy of the Affidavit for Mechanic's Lien (hereinafter the "Lien Affidavit") filed by Movant is attached hereto as Exhibit "A" and incorporated by reference for all purposes. As set forth in the Lien Affidavit, pursuant to a contract between Movant and Debtor Bigler, L.P., Movant performed labor and furnished materials and equipment to improve Debtor's real property located at 1500 North South Street, Pasadena, Texas 77503. (*See* Exhibit "A"). The amount of Movant's lien is $1,400,544.99, which includes a lien on Debtors' aforementioned property and on the removeables Movant supplied pursuant to the contract between the parties. (*See* Exhibit "A").

# II.
# OBJECTION

5. Movant objects to any attempt by Debtors and/or Amegy Bank, N.A. (hereinafter "Amegy") to subordinate Movant's lien.

6. The Texas Constitution, article 16, Section 37 provides a constitutional lien right, which is separate from and in addition to the statutory lien rights provided under Chapter 53 of the Texas Property Code. Article 16, Section 37 states as follows:

> "Mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or materials furnished therefore; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

The constitutional lien for mechanics, artisans and materialmen "exists independently and apart from any legislative act." *See Ralph M. Parsons Co. v. South Coast Supply Co. (In re A&M Operating Co.),* 182 B.R. 997, 1000 (E.D. Tex. 1995), *aff'd,* 84 F.3d 433 (5th Cir. 1996); *First Nat'l Bank in Dallas v. Whirlpool Corp.,* 517 S.W.2d 262, 267 (Tex. 1975). Therefore, it is clearly distinct from the statutory lien provided under the Texas Property Code. *See Apex Financial Corp. v. Brown,* 7 S.W.3d 820, 830 (Tex. App.--Texarkana 1999, no pet.); *San Antonio Bank & Trust Co. v. Anel, Inc.,* 613 S.W.2d 55, 58 (Tex.Civ.App. --Texarkana 1981, writ ref'd n.r.e.) ["The constitutional liens exist to provide relief for the laborer who is not compensated and, who, for one reason or another, does not meet the requirements of perfection of the statutory mechanic's and materialman's liens."]. Moreover, Texas courts have consistently held the Texas constitutional lien to be self-executing and that this aspect of the constitutional lien is "vital because it translates into the chief advantage over statutory liens: the lien-holder does not need to give notice or record his lien; his protection is automatic." *See A&M Operating,* 182 B.R. at 1000.

7. A constitutional mechanic's lien "is superior to a prior recorded deed of trust lien where the improvements made can be removed without material injury to the land and preexisting improvements, or to the improvements removed." *See, e.g., American Amicable Life Ins. Co. v. Jay's Air Conditioning & Heating, Inc.,* 535 S.W.2d 23, 25 (Tex.Civ.App.--Waco 1976, writ ref'd n.r.e.) (*citing Whirlpool,* 517 S.W.2d at 269).

8. Without acknowledging the validity of any particular mechanic's and materialman's liens in their proposed order, at first glance, Debtors appear to agree that any replacement liens will be subject to "any valid, perfected, enforceable and unavoidable liens" existing as of the date Debtors filed their bankruptcy petition which are permitted under the pre-petition loan documents and which are otherwise senior to the pre-petition liens. (*See* Document 67, Debtors' Proposed Order, pp. 3-4, paragraph (f), incorporated by reference herein). Because Movant has not seen the pre-petition loan documents and certainly would not agree that any language in such documents could allow the lender to have priority over Movant's constitutional lien, Movant objects to Debtor's proposed definition of "Permitted Liens" on page 4 of the motion and asks that such definition remove any reference to the pre-petition loan documents and what may be permitted thereunder.

9. Moreover, Debtors are asking this Court to enter an order allowing preemption of all non-bankruptcy laws which would restrict the grant, scope, enforceability, attachment or perfection of the security interests and liens created in the proposed order. (*See* Document 67, Debtors' Proposed Order, p. 28 paragraph (c), incorporated by reference herein). Entry of Debtors' proposed order would effectively pre-empt article 16, Section 37 of the Texas

Constitution and thereby void and/or subordinate Movant's constitutional lien.  To the extent Debtors are seeking such pre-emption, Movant objects to Debtors' Motion.

10. Further, to the extent Debtors are seeking to void and/or subordinate Movant's lien or allow any replacement liens created and provided to Amegy to have priority over Movant's lien in an effort to obtain credit pursuant to 11 U.S.C. § 364, Movant requests this Court to order Debtors to provide Movant with the indubitable equivalent of Movant's security interest to ensure Movant is adequately protected.

WHEREFORE, Movant SHAW MAINTENANCE, INC. prays that upon consideration of its objection, the Court will sustain its objections and grant it such further relief to which it has shown just entitlement.

Respectfully submitted,

By: /s/ Lisa M. Norman
CRAIG E. POWER
Bar No. 16210500
Admissions No. 3868
LISA M. NORMAN
Bar No. 24037190
Admission No. 613906
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010
(713) 535-5500 Telephone
(713) 535-5533 Facsimile

COUNSEL FOR
SHAW MAINTENANCE, INC.

OF COUNSEL:
COKINOS, BOSIEN & YOUNG
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010
(713) 535-5500 Telephone

## **CERTIFICATE OF SERVICE**

  I hereby certify that true and correct copies of the Objection to Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 363, and 365 for Interim and Final Orders (i) Authorizing and Approving the Debtors' Use of Cash Collateral; (II) Granting Adequate Protection to Certain Prepetition Secured Parties; (III) Authorizing Debtors to (A) Obtain Post-Petition Financing, and (B) Grant Senior Liens, Junior Liens, and Superpriority Administrative Expenses Status; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief, were served on the 24th day of November, 2009, to the following persons identified on the attached "Master Service List" by electronic delivery and/or first class mail.

                     */s/ Lisa M. Norman*
                     LISA M. NORMAN

F:\WPDOCS\3862004\Pleadings\lmn Objection to Ds Motion for DIP Financing.wpd