IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| BIGLER LP; | § | Case No. 09-38188 |
| BIGLER LAND, LLC; | § | Case No. 09-38189 |
| BIGLER PETROCHEMICAL, LP; | § | Case No. 09-38190 |
| BIGLER PLANT SERVICES, LP; | § | Case No. 09-38192 |
| BIGLER TERMINALS, LP | § | Case No. 09-38194 |
| | § | |
| Debtors | § | Chapter 11 |

## HALGO POWER'S NOTICE OF PERFECTION OF LIENS

Halgo Power, Inc. ("Halgo") files this *Notice of Perfection of Liens* in accordance with 11 U.S.C. §546(b), and in support thereof would show the following:

1.  At the request of Bigler LP, Halgo provided and installed the industrial boilers at the facility owned by Bigler Land LLC in Harris County, Texas (the "Bigler Facility"). Halgo sent invoices for these goods in the ordinary course of business. Despite providing these goods, Halgo's invoices were not paid. After making demand for payment, Halgo recorded a *Affidavit for Mechanic's Lien*, perfecting a mechanic's and materialmen's lien ("M&M Liens") in accordance with Chapter 53 of the Texas Property Code. Attached hereto as Exhibits 1 and 2 are copies of the applicable (i) purchase orders and (ii) the *Affidavit for Mechanic's Lien*.

2.  The unpaid balance owed to Halgo, including interest and attorneys fees to the date of Bigler's bankruptcy filing, is $544,918.68. Because Bigler has failed to pay for the goods delivered to (and installed in) the Bigler Facility, Halgo (i) is entitled to a

HOUSTON 1069287v.1

lien on the Bigler Facility, and (ii) has a right to re-take possession of the industrial boilers as "removables" under the Texas Property Code. See TEX. PROP. CODE §53.123; TEX. CONST. art. XVI, §37; *First National Bank v. Whirlpool Corp.*, 517 S.W.2d 262 (Tex. 1974); *Houck Air Conditioning, Inc. v. Mortgage & Trust, Inc.*, 517 S.W.2d 593 (Tex. Civ. App.–Waco 1974, reh. den.).

3. Under the applicable lien laws, Halgo would ordinarily be required to commence an action in order to foreclose its M&M Liens on the Bigler Facility and to exercise its rights with respect to the "removables." The automatic bankruptcy stay prevents Halgo from commencing an action to foreclose its M&M Liens and/or to re-take possession of the "removables." As a result, Halgo files this *Notice of Perfection of Liens* pursuant to 11 U.S.C. §546(b) in order to insure that its M&M Liens against the Bigler Facility and the "removables" will continue to be perfected, and Halgo's claims will be treated as secured, to the extent of these liens.

Respectfully submitted,

*/s/ David S. Elder*
David S. Elder
State Bar No. 06507700
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5011
713-276-5750 (*direct dial*)
713-276-6750 (*direct fax*)
delder@gardere.com (*email)*

*ATTORNEY-IN-CHARGE FOR*
*HALGO POWER, INC.*

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading was served on this 31st day of March, 2010, by ECF or email on all other parties who have made an appearance in this adversary, as follows:

                                              */s/ David S. Elder*
                                              David S. Elder