IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BIGLER LP, | § | Case No. 09-38188 |
| BIGLER LAND, LLC; | § | Case No. 09-38189 |
| BIGLER PETROCHEMICAL, LP; | § | Case No. 09-38190 |
| BIGLER PLANT SERVICES, LP; | § | Case No. 09-38192 |
| BIGLER TERMINALS, LP | § | Case No. 09-38194 |
| | § | |
| | § | Jointly Administered Under |
| Debtors. | § | Case No. 09-38188 |
| | § | |

**STATEMENT BY VOPAK TO NOTICE OF FINAL BIDS AND APPROVAL AND CLOSING OF THE SALE OF DEBTORS' ASSETS WITH INTENTION TO TENDER FURTHER SEALED BID**

Vopak North America, Inc. ("Vopak") files this Statement to Notice of Final Bids and Approval and Closing of the Sale of Debtors' Assets with Intention to Tender Further Sealed Bid, and respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**FACTUAL BACKGROUND**

2. On October 30, 2009 (the "Petition Date"), Bigler LP, Bigler Land, LLC, Bigler Petrochemical, LP, Bigler Plant Services, LP, and Bigler Terminals, LP (collectively "Debtors") filed voluntary petitions for relief under Chapter 11, Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

3. The Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

4. During the Chapter 11 Cases, the Debtors, in conjunction with their counsel and financial advisors, have, among other thins, marketed their assets in order to maximize the value of their estates, and have negotiated with multiple potential investors and buyers.

5. After carefully considering all alternatives, the Debtors concluded that a sale of substantially all of their assets will maximize the value of their estates for the benefit of all other creditors. Bid procedures were crafted and eventually approved as part of an auction process.

6. An auction was conducted on June 16, 2010. Vopak's approximately $7.8 million offer was selected as the lead bid going into the sale with a form of contract approved by the debtors, after consultation with Amegy Bank N.A. ("Amegy"), and the Creditors' Committee. Over the course of the day, and after many rounds of bidding and the alternation of terms and provision of information, the bidding led to Intercontinental Terminals Company ("ITC") being selected as the Successful Bidder at $20.5 million using the Vopak form of Asset Purchase Agreement, and Vopak was the selected Back Up Bidder at $20.3 million using the Vopak Contract. On the auction for the other assets, eventually Amegy emerged as the highest bidder with a credit bid.

7. Late on June 18, 2010, Bigler filed its Notice of Bid results and proposed forms of Asset Purchase Agreements, which did contain some changes from the forms previously the subject of bids.

8.      On June 22, 2010 Bigler filed its Notice Regarding Approval and Closing of the Sale of the Debtors' Assets (docket 418) stating that the successful and backup bids for the plant and terminals would not proceed on June 23, but that the hearing would continue for the sale of the land subject to the Vopak and ITC bids.

9.      Similarly, and before the foregoing notice was filed, Vopak expressed its interest in providing another bid, which is otherwise provided in, and contemplated by, the form of Asset Purchase Agreement, and the bid procedures.

10.     The auction procedures and the forms of agreements contemplate efforts to promote and obtain the highest and best bid for the subject assets.  Vopak is working to address these matters with the Debtors, but recognize there are continuing obligations on many fronts that make these efforts a continuing one at this time.  In the interim, and to afford proper notice of its intentions, Vopak proposes that any party having an interest in the land assets be permitted to tender a sealed bid to the Debtor to be approved as the Successful Purchaser of the land under the terms of the Vopak Asset Purchase Agreement previously adopted by the parties.   It also would be consistent with the bid procedures as well, in that the Debtors have the flexibility to continue the process if more value can be obtained.  By this last opportunity the highest and best value for the land assets can be obtained.

WHEREFORE, Vopak prays that the Court take note of its interest to permit tender of a higher and better offer, as contemplated by the form of Asset Purchase Agreement adopted, and as expected in obtaining the highest and best value possible, by tendering at the hearing a sealed final bid for the land assets in the Court hearing to be conducted June 23, 2010, and grant such other relief as may be just and equitable.

- 4 -

Respectfully submitted this 22d day of June , 2010.

                                       HAYNES AND BOONE LLP

                                       By:    /s/ Patrick L. Hughes
                                                  Texas Bar No. 10227300
                                   1221 McKinney, Suite 2100
                                   Houston, Texas  77010
                                   Telephone No.:  (713) 547.2000
                                   Facsimile No.:   (713) 547-2600

                                   ATTORNEYS FOR VOPAK NORTH AMERICA, INC.