Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 1 of 23

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
06/24/2010

| | | |
|---|---|---|
| In re | § | |
| | § | |
| BIGLER LP; | § | Case No. 09-38188 |
| BIGLER LAND, LLC; | § | Case No. 09-38189 |
| BIGLER PETROCHEMICAL, LP; | § | Case No. 09-38190 |
| BIGLER PLANT SERVICES, LP; | § | Case No. 09-38192 |
| BIGLER TERMINALS, LP | § | Case No. 09-38194 |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | |
| | § | Jointly Administered Under |
| | § | Case No. 09-38188 |

**ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE
DEBTORS' LAND ASSETS; AND (B) APPROVING THE ASSET PURCHASE
AGREEMENT**
(Related to Docket No. 309)

Upon the motion of Bigler LP, Bigler Land, LLC, Bigler Petrochemical, LP and

Bigler Terminals, LP, each a debtor-in-possession (collectively, the "Debtors"), for entry of

an order an order (A) Authorizing the Sale of Substantially All of the Debtors' Assets

either in aggregate or in one or more combinations of three separate categories (the

"Assets"); and (B) Approving the Assumption and Assignment of Certain Executory

Contracts and Unexpired Leases (the "Motion") (Docket No. 309);[1] and the Court having

found that the relief requested in the Motion is in the best interest of the Debtors' estates,

their creditors and other parties interest; and the Debtors having provided appropriate and

sufficient notice under the circumstances to all creditors and parties in interest, and that no

other or further notice is required; and the Court having reviewed the Motion and having

heard the evidence in support of the relief requested therein at the Sale Hearing before the

Court; and the Court having considered any objections to the Motion, each of which are

---

[1] By Order dated May 28, 2010 (the "Bid Procedures Order"), this Court approved certain bid procedures and scheduled a hearing to consider the sale(s) for June 23, 2010 (the "Sale Hearing"), as requested in the Motion. (Docket No. 356).

overruled, resolved, or withdrawn; and the Court having determined that the legal and factual

bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted

herein; and this Order relating only to the Sale of approximately 180 acres and appurtenant

rights thereto, as more fully described in the form of Asset Purchase Agreement by and

among the Debtors and Intercontinental Terminals Company, LLC (Docket Nos. 405-1 and

405-2) (the "Land Assets") and not the Petrochemical or Terminals assets; and after due

deliberation and sufficient cause appearing therefore:

### THE COURT HEREBY FINDS THAT:

A.      **Jurisdiction and Venue**.  This Court has jurisdiction over these cases

and the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2)(A) and (M).  Venue is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409(a).

B.      **Statutory Predicates**.  The statutory predicates for the relief sought in

the Motion are sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules

2002, 6004, 6006, 9007 and 9014, and the applicable Local Rules for the United States

Bankruptcy Court for the Southern District of Texas (the "Local Rules").

C.      **Final Order**.  This Order constitutes a final order within the meaning

of 28 U.S.C. § 158(a).

D.      **Notice**.  As evidenced by the affidavits of service filed with this Court

and based upon the representations of counsel at the Sale Hearing and as approved under the

Bid Procedures Order: (i) due, proper, timely, adequate and sufficient notice of the Motion,

the auction conducted by the Debtors (the "Auction"), the Sale Hearing, and the transactions

contemplated by the APA (the "Sale") has been provided to all ascertainable creditors and

other parties in interest, including, in particular, the state and federal governmental units and

all Creditors having an interest in these cases and in the Assets which are subject to this

2

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 3 of 23

Order; (ii) it appearing that no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances of these cases; and (iv) no other or further notice of the Motion, the Auction, the Sale Hearing or the Sale is or shall be required.  The disclosures made by the Debtors concerning the Motion, Auction, Sale, Sale Hearing, the APA, as amended and presented to the Court, were reasonable, adequate and complete.

E.     **Opportunity to Object**.  A reasonable opportunity to object and to be heard with respect to the proposed Sale, the Motion and the relief requested therein has been given to all Creditors, Government Units, interested persons and entities, including, without limitation, the following: (i) all potential purchasers previously identified by Debtors and any additional parties who have expressed an interest in potentially acquiring the Assets, including those parties that have submitted formal expressions of interest; (ii) all other potentially interested parties identified by Debtors in their business judgment as a potential purchaser of assets; (iii) the Office of the United States Trustee; (iv) counsel for Amegy Bank; (v) all applicable federal, state and local regulatory or taxing authorities, recording offices or any governmental entity which has a reasonably known interest in the relief requested in the Motion; and (vi) all parties on the most current master service list.

F.     **Auction**.  The Auction process set forth in the Bid Procedures Order afforded a full, fair and reasonable opportunity for any Qualified Bidder[2] to submit bids and participate in the Auction.  The Auction was conducted properly and in good faith, without collusion, and in accordance with the Bid Procedures Order.  At the Auction, after consideration of all reasonable alternatives, and after consultation with Amegy Bank and the Official Committee of Unsecured Creditors, the Debtors selected (i) Intercontinental Terminals Company, LLC (the "Purchaser") as the Successful Bidder for the Land Assets;

---

[2] Capitalized terms not defined herein are defined in the Bid Procedures Order, the Bid Procedures, or the APA.

3

and (ii) Vopak Terminals North America, Inc. (the "Back-Up Bidder") as the Back-Up Bidder for the Land Assets.  The Purchaser was a Qualified Bidder pursuant to the Bid Procedures Order.  The Purchaser's APA constitutes the highest and best offer, based upon the results of the Auction, for the purchased Assets specifically described in the Purchaser's APA (the "Purchased Assets") after taking into account the purchase price to be paid ("Purchase Price") as well as any assumed liabilities (the "Assumed Liabilities") and will provide a greater recovery for the Debtors' estates than would be provided by any other known available alternative.   The Debtors' determination that the Purchaser's APA constitutes the highest and best offer, based upon the results of the Auction, for the Purchased Assets and Assumed Liabilities is a valid and sound exercise of the Debtors' business judgment.

G.   **Arm's-Length Sale**.  The APA was negotiated, proposed and entered into by the Debtors and the Purchaser without collusion, in good faith, and was the result of arm's-length bargaining positions as between the Debtors and the Purchaser.  Neither the Purchaser nor any of its affiliates or their respective representatives is an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code, and no common identity of directors or controlling shareholders exists between the Purchaser and any of the Debtors.  Neither the Debtors, nor the Purchaser, nor any of their respective representatives have engaged in any conduct that would cause or permit the Sale to be avoided under section 363(n) of the Bankruptcy Code.   Specifically, neither the Purchaser nor any of its representatives has acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.  The terms and conditions of the APA and the transactions contemplated thereby (including without limitation the consideration provided in respect thereof) are fair and reasonable and shall not be avoided nor subject to avoidance under section 363(n) of the Bankruptcy Code.

4

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 5 of 23

H.    **Good Faith Purchaser**.  The Purchaser is purchasing the Purchased Assets and is assuming the Assumed Liabilities to the extent set forth in the APA in good faith and is a good faith purchaser of the Purchased Assets within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all of the protections afforded by that provision.  The Purchaser and its representatives have proceeded in good faith and without collusion in all respects in connection with the Auction and the Sale Hearing.  The Purchaser recognized that the Debtors were free to deal with any interested party in selling the Purchased Assets, complied with the Bid Procedures Order, and disclosed all payments to be made by the Purchaser in connection with the Sale.

I.    **Corporate Authority**. The Debtors (i) have full corporate power and authority to execute and deliver the APA of the Purchaser and all other documents contemplated thereby, (ii) have all of the corporate power and authority necessary to consummate the transactions contemplated by the APA, and (iii) have taken, or will take, all corporate action necessary to authorize and approve the APA and the consummation of the transactions contemplated thereby.  No corporate consents or approvals, other than those expressly provided for in the APA, are required for the Debtors to consummate the Sale.

J.    **Sale in the Best Interests of the Debtors' Estates and Creditors**. Good and sufficient reasons for approval of the APA and the Sale have been articulated, and the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors and other parties in interest, based upon the results of the Auction.

K.    **Business Justification**.  The Debtors have demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside of the ordinary course of business under section 363(b) of the Bankruptcy Code in that, among other things, the immediate approval by this Court of the Sale to the Purchaser is necessary and appropriate to maximize the value of the Debtors' estates.  Entry

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 6 of 23

of an order approving the APA and all of the provisions thereof is a necessary condition precedent to the Purchaser's consummation of the transactions set forth in the APA. The Sale does not constitute a de facto plan of reorganization or liquidation, as the Sale does not and will not: (a) impair or restructure existing debt of, or equity interests in, the Debtors; (b) impair or circumvent voting rights with respect to any future plan proposed by the Debtors; (c) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (d) classify Claims or equity interests, compromise controversies or extend debt maturities. Given all the circumstances of these cases and the adequacy and fair value of the purchase price under the APA, the proposed Sale constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved, based upon the results of the Auction.

L.    **Consideration**.  The consideration provided by the Purchaser pursuant to the APA constitutes reasonably equivalent value or fair consideration under the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, the Bankruptcy Code, and the laws of the United States, and any state, territory, possession thereof or the District of Columbia. The APA represents a fair and reasonable offer to purchase the Purchased Assets and to undertake as an element of the consideration payable, any Assumed Liabilities, under the circumstances of these chapter 11 cases. Based upon the results of the Auction, approval of the Motion and the APA, and consummation of the transactions contemplated thereby, is in the best interests of the Debtors, their creditors and all other parties in interest.

M.    **Free and Clear**.  The Debtors are the sole and lawful owners of the Purchased Assets as set forth in the APA. The transfer of the Purchased Assets to the Purchaser under the APA will be a legal, valid, and effective transfer of the Purchased Assets, and will vest the Purchaser with all right, title, and interest of the Debtors to the Purchased Assets free and clear of all liens (as defined in section 101(37) of the Bankruptcy Code,

whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code and including without limitation successor liability claims, and claims relating to the Excluded Assets and Excluded liabilities), or other interests of any kind or nature whatsoever, whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or after the Petition Date, and whether imposed by agreement, understanding, law, equity or otherwise, accruing, arising or relating thereto any time prior to the Closing Date (collectively, the "Interests"[4]); provided, however, that, notwithstanding anything to the contrary herein, the term "Interests" as used in this Order shall not include any Assumed Liabilities specific to the APA, the Permitted Liens (as defined in the APA), if any, and the liens, claims or other interests expressly set forth in this Order.  For the further avoidance of doubt, and without limiting the effect of any of the foregoing, the transfer of the Purchased Assets is free and clear of all Interests unless expressly modified by the APA and a specific provision in this Order.

> N.    **Free and Clear Findings Needed by Purchaser**.  The Purchaser asserts that it would not have entered into the APA and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates and their creditors, if the sale of the Purchased Assets to the Purchaser was not free and clear of

---

[4]    The term "Interests" as used in this Order includes, without limitation: all Liens; Claims; encumbrances; obligations; debts; liabilities; demands; guaranties; options; rights; restrictions; contractual commitments; rights of first refusal or interests; any of the foregoing that purport to give to any party any defense, a defense or right of setoff, or recoupment against or a right or option to effect any forfeiture, modification or termination of the Debtors' interests in the Purchased Assets, or any similar rights; all Excluded Liabilities, including without limitation those relating to Taxes (other than Transfer Taxes as set forth in the APA) of the Seller or relating to the Purchased Assets for any taxable period or portion thereof ending on or before the Closing Date; any of the foregoing arising under any mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, Liens, judgments, demands, encumbrances, rights of first refusal or charges of any kind or nature, including, without limitation, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership; and any of the foregoing arising in connection with any agreements, acts, or failures to act, of Seller or any of the Seller's predecessors, Affiliates, or Representatives, including, but not limited to, any of the foregoing arising under any bulk-transfer laws, doctrines of successor liability or similar theories.

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 8 of 23

all Interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of the Interests.

O.   **No Liability Findings Needed by Purchaser**.  The Purchaser asserts that it will not consummate the transactions contemplated by the APA unless the APA specifically provides, and the Court specifically orders, that none of the Purchaser or its Affiliates, officers, directors, members or controlling shareholders or the Purchased Assets will have any liability whatsoever with respect to the Sale, or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any liability, including any Interest or Excluded Liability, if any, other than the Assumed Liabilities.

P.   **Satisfaction of 363(f) Standards**.  The Seller may sell and transfer, and Purchaser may purchase, the Purchased Assets free and clear of any Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Each holder of any Interest against the Debtors, their estate, or any of the Purchased Assets: (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.  Those holders of Interests who did not object, or who withdrew their objections, to the Motion and Sale are deemed, subject to the terms of this Order, to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All holders of Interests are adequately protected by having their Interests attach to the proceeds ultimately attributable to the Purchased Assets against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, that such Interests had prior

to the Sale, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

Q.   **No Fraudulent Transfer**.   The APA was not entered into for the purpose of hindering, delaying or defrauding creditors of any of the Debtors. The transactions contemplated by the APA are not fraudulent transfers or fraudulent conveyances under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia.  The Purchaser of the Purchased Assets acted in complete good faith, and without any intention to enter into any transaction that would be fraudulent as to the Debtors and any creditors or parties in interest, and will pay adequate consideration and reasonably equivalent value.

R.   **No Successor Liability**.  Except for the Assumed Liabilities, if any, the transfer of the Purchased Assets to the Purchaser under the APA shall not result in the Purchaser, or any of its/their Affiliates, successors or assigns, having any liability or responsibility (i) for any Interest, or any other obligation, of or against the Debtors or their estates, and neither the Purchaser, nor any of its Affiliates, successors and assigns, shall, as a result of the Sale or any action taken in connection with the Sale, be deemed to (1) be a successor (or other similarly situated party) to any of the Debtors or (2) have, de facto or otherwise, merged with or into any of the Debtors, or (ii) to the Debtors or to third parties except as is expressly set forth in the APA.  Without limiting the effect or scope of the foregoing, to the fullest extent permitted by law, the transfer of the Purchased Assets from the Debtors to the Purchaser does not and will not subject the Purchaser, or any of its Affiliates, successors or assigns, or any of their respective properties (including the Purchased Assets) to any liability for Interests against the Debtors or Interests of the Debtors in such Purchased Assets by reason of such transfer under the laws of the United States or any state, territory or possession thereof, or the District of Columbia, applicable to such transactions, including,

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 10 of 23

without limitation, any bulk-transfer laws, successor liability or similar theories.  Except as expressly provided for in the APA or this Order, the Purchaser is not acquiring or assuming any liability, warranty or other obligation of the Debtors.  Except for the Assumed Liabilities, the transfer of the Purchased Assets to the Purchaser will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtors' businesses prior to the Closing Date, including, without limitation, any liability arising from any of the following: (1) any employment or labor agreements, consulting agreements, severance agreements, change-in-control agreements, or other similar agreements to which any Debtor is or was a party; (2) any pension, welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of the Debtors; (3) the cessation of the Debtors' operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, and any obligations with respect thereto that arise from the Employee Retirement Income Security Act of 1974, as amended, the Fair Labor Standard Act, Title VII of the Civil rights Act of 1964, the Age Discrimination and Employment Act of 1967, as amended, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 or the Worker Adjustment and Retraining Notification Act, (4) workers' compensation, occupational disease or unemployment or temporary disability insurance claims, (5) environment liabilities, debts, claims or obligations which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act or any other Environmental, Health and Safety Requirements, (6) any bulk sales or similar law, (7) any litigation by or against the Debtors and (8) the laws of the United States, any state, territory or possession thereof, or the District of Columbia, including any statute, rule, regulations, order, decree, administrative or judicial

HOU_IMANAGE-825516.5

doctrine or other laws based, in whole or in part, directly or indirectly, in any theory of law or equity, including without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability. For the avoidance of doubt, the liabilities set forth in this paragraph are included in the defined term "Interests" for all purposes herein.

       S.     **Compelling Circumstances for an Immediate Sale**: Good and sufficient reasons for approval of the APA and the Sale have been articulated. The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors. The Debtors have demonstrated sufficient and sound business justifications and compelling circumstances for the Sale outside of a plan of reorganization and the immediate consummation of the Sale to the Purchaser on the terms of the APA is necessary and appropriate to maximize the value of the Purchased Assets and Assumed Liabilities for the benefit of the Debtors, their estates and creditors. To maximize the value of the Purchased Assets and Assumed Liabilities and to maintain and preserve the viability of the businesses to which the Purchased Assets relate, the transaction must be consummated within the time frame set forth in the APA.

       **NOW, THEREFORE, IT IS ORDERED, JUDGED AND DECREED THAT:**

       1.     **Motion is Granted**. The Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein and on the record of the Sale Hearing, which is incorporated herein in its entirety, and the Sale of the Land Assets as contemplated thereby is granted and approved. This Order does not address the sale of the Petrochemical and Terminal assets.

       2.     **Objections Overruled**. Subject to the qualifications and limitations made on the record by the Debtors, any objections, to the Sale of the Land Assets pursuant to

the entry of this Order or the relief granted herein or requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are DENIED and OVERRULED on the merits with prejudice.

3.    **Approval of APA**.    The APA and all of the terms and conditions thereto is hereby approved as filed with the Court or as noted on the record at the Sale Hearing.  The Debtors are hereby authorized and directed, without further order of the Court, to take any and all actions necessary and appropriate to (i) consummate the Sale of the Purchased Assets to the Purchaser pursuant to the terms of the APA, (ii) close the Sale as contemplated by the APA and this Order; (iii) execute and deliver, perform under, consummate, implement, and close fully the APA, together with all additional instruments and documents that may reasonable be necessary or desirable to implement the APA and Sale, and (iv) take all other and further actions as may be reasonably necessary to implement the transactions contemplated by the APA.  The Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the APA or any other Sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Order.

4.    **Free and Clear**.    Except as expressly provided for in the APA or this Order, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, as of the Closing Date, the Debtors shall transfer, and the Purchaser shall take title to and possession of, the Purchased Assets free and clear of all Interests, with all such Interests to attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Purchased Assets or their proceeds, subject to any rights, claims and defenses the Debtors or their estates, as applicable,

12

may possess with respect thereto.  Upon Closing, the Purchaser shall take title to and possession of the Purchased Assets subject only to Permitted Liens and Assumed Liabilities, if any, as specifically defined and set forth in the APA.  All persons and entities that are in possession of some or all of the Purchased Assets on the Closing Date are directed to surrender possession of such Purchased Assets to the Purchaser at the Closing.  On the Closing Date, each of the Debtors' creditors, and to the extent applicable and necessary, any party in interest, is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Interests in the Purchased Assets, if any, as such Interests may have been recorded or may otherwise exist.

5.      **Valid Transfer**.    As of the Closing Date, the transactions contemplated by the APA effect a legal, valid, enforceable and effective sale and transfer of the Purchased Assets to Purchaser, and shall vest Purchaser with title to such Purchased Assets free and clear of any Interests of any kind whatsoever.  The Purchased Assets shall be transferred to the Purchaser "as is, where is" with all faults in accordance with the APA.  As of the Closing Date, the APA and the transactions and instruments contemplated thereby shall be specifically performable and enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors or any trustee appointed in the Cases or any successor bankruptcy case.

6.      **Injunction**.  Except as expressly permitted by the APA or by this Order, all persons and entities (including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and other creditors) holding Interests in or against all or any portion of the Purchased Assets arising under, out of, or in connection with, or in any way relating to the Debtors, the Purchased Assets, the operation of the Debtors' businesses prior to the Closing Date, or the transfer of the Purchased Assets to the Purchaser, hereby are forever barred,

13

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 14 of 23

estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such person's or entity's Interests against the Purchaser, any of its Affiliates, successors or assigns, any property of any of the foregoing, or any of the Purchased Assets.  On and after the Closing, no holder of any Interest against the Debtors shall interfere with Purchaser's title to or use and enjoyment of the Purchased Assets based on or related to such Interests, and all such Interests, if any, shall attach to the Debtors' interests in the Sale proceeds as provided in this Order in the order of their priority, with the same validity, force and effect which they have against such Purchased Assets immediately before the Closing, subject to any rights, claims and defenses that the Debtors' estates and Debtors, as applicable, may possess with respect thereto.

7.     **Release of Interests**.  Except as otherwise expressly provided in the APA or this Order, any person or entity that has filed a statement or other document evidencing an Interest in, to or against the Purchased Assets, shall promptly remove any and all such Interests on the Purchased Assets.  If any of such persons or entities shall not have delivered to the Debtors in proper form, appropriate termination statements, releases and documents in accordance with this paragraph, then the Purchaser is authorized to file, register or otherwise record a certified copy of this Order (and the subject filing or recording officer is authorized and directed to file or record such certified copy of this Order), which, once filed, registered or otherwise recorded, shall constitute evidence of the release of all such Interests in, to or against the Purchased Assets, and to the extent necessary seek further relief to enforce the terms of this Order.  A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any of such Interests of record.

8.     **Direction to Release Interests**.  On the Closing Date, each of the Debtors' creditors is authorized and directed to execute such documents and take all other

14

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 15 of 23

actions as may be reasonably necessary to release its Interests in the Purchased Assets, if any, as such Interests may have been recorded or may otherwise exist.

9.      **No Successor Liability**.    Neither Purchaser nor its Affiliates, successors or assigns shall, as a result of the consummation of the transaction contemplated by the APA: (a) be a successor to Seller or any of the Debtors or their estates; (b) have, de facto or otherwise, merged or consolidated with or into Seller or any of the Debtors or their estates; or (c) be a continuation or substantial continuation of the Seller or any of the Debtors or any enterprise of the Debtors.  Except for the Assumed Liabilities and Permitted Liens, the transfer of the Purchased Assets to Purchaser under the APA shall not result in Purchaser, its Affiliates, members, or shareholders, or the Purchased Assets, (i) having any liability or responsibility for any Claim against Seller or any of the Debtors or against an insider of the Debtors, (ii) having any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Interest or Excluded Liability, or (iii) having any liability or responsibility to Seller or any of the Debtors except as is expressly set forth in the APA.

10.      **Examples of No Successor Liability**.  Without limiting the effect or scope of the foregoing, as a result of the closing of the transactions contemplated by the APA, the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, alter ego, veil piercing, continuity of enterprise, mere continuation, product line, de facto merger or substantial continuity, whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of the Cases, whether imposed by agreement, understanding, law, equity or otherwise with respect to the Seller or any of the Debtors or any obligations of Seller or any of the Debtors arising

15

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 16 of 23

prior to the Closing Date, including, but not limited to, liabilities on account of any taxes (other than Transfer Taxes as set forth in the APA) arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Purchased Assets prior to the Closing Date.

11.    **Prohibition of Actions Against Purchaser**. Except for the Assumed Liabilities and Permitted Liens, if any, as set forth in the APA or otherwise expressly provided for in this Order, the Purchaser shall not have any liability or other obligation of the Debtors arising under or relating to the Purchased Assets and shall not be liable for any Claims against the Debtors or any of its predecessors or affiliates, and shall have no successor or vicarious liabilities of any kind, character or nature whatsoever, including under any theory of antitrust, successor or transferee liability, labor law, or *de facto* merger whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the Purchased Assets prior to the Closing.

12.    **Effect of Order**.  On the Closing Date, this Order shall  be considered and shall constitute (a) for any and all purposes, a full and complete general assignment, conveyance and transfer of all of the Debtors' interests in the Purchased Assets to the Purchaser, and (b) other than as expressly provided for in the APA or in this Order, a determination that all Interests of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing Date shall have been unconditionally released, discharged and terminated as of the Closing Date, and that the Sale described herein have been effected. This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 17 of 23

mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets, and each of the foregoing is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

13.   **Binding on Successors**.  The terms and provisions of the APA and this Order shall be binding in all respects upon the Debtors, their estates, the Purchaser, all creditors (whether known or unknown) of any Debtor, all holders of Interests against or on all or any portion of the Purchased Assets, any holders of equity interests in the Debtors, the Purchaser or their respective Affiliates, any trustee appointed in any of these Cases or any successor case, and the successors and assigns of each of the foregoing.  This Order, the APA and the other agreements contemplated thereby shall inure to the benefit of the Debtors, their estates, their creditors, the Purchaser, and the successors and assigns of each of the foregoing.

14.   **Good Faith**.   The transactions contemplated by the APA are undertaken by the Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale with the Purchaser, unless such authorization is duly stayed pending such appeal prior to the Closing Date.  The Purchaser is a good faith Purchaser of the Purchased Assets, and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

15.   **Fair Consideration**.   Based upon the result of the Auction, the consideration provided by the Purchaser pursuant to the APA for its purchase of the

HOU_IMANAGE-825516.5

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 18 of 23

Purchased Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.  Based upon the results of the Auction, the consideration provided by Purchaser for the Purchased Assets under the APA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

16.     **Retention of Jurisdiction**.  This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order, the APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Purchaser; (b) interpret, implement and enforce the provisions of this Order and any related order; and (c) protect the Purchaser against any Interests in the Purchased Assets of any kind or nature whatsoever that attached to the proceeds of the Sale.

17.     **Surrender of Possession**.  All entities that are currently, or on the Closing Date may be, in possession of some or all of the Purchased Assets in which any of the Debtors hold an interest are hereby directed to surrender possession of the Purchased Assets either to (a) the Debtors before the Closing Date, or (b) to Purchaser on the Closing Date.

18.     **Post Closing Matters**.  Any obligations of the Debtors in favor of the Purchaser (including without limitation any obligation to pay any amounts or deliver documents to the Purchaser in connection with the APA) shall (i) be performed when due in the manner provided in the APA without further order of this Court, and (ii) not be

discharged, modified or otherwise affected by any reorganization plan for the Debtors, except by an express agreement with the Purchaser, its successors, or assigns.

19. **Application of Sale Proceeds.** Any and all asserted Interests in Purchased Assets of the Debtors shall attach to any proceeds of such Purchased Assets immediately upon receipt of such proceeds by the Debtors (or any party acting on any Debtors' behalf) in the order of priority, and with the same validity, force and effect which they now have against such Purchased Assets, subject to any rights, claims and defenses the Debtors, their estates or any trustee for any Debtor, and any competing creditor, as applicable, may possess with respect thereto. Notwithstanding anything herein to the contrary, the proceeds realized from the sale of the Purchased Assets shall be paid to Amegy Bank National Association and applied in accordance with the Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364: (I) Approving Use of Cash Collateral; (II) Granting Adequate Protection to Certain Prepetition Secured Parties; (III) Authorizing Debtors to (A) Obtain Post-Petition Financing, and (B) Grant Senior Liens, Junior Liens and Superpriority Administrative Expense Status; and (IV) Granting Related Relief (Docket No. 123) and the postpetition credit agreement approved thereby.

20. **Non-Material Modifications.** The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

21. **Subsequent Plan Provisions.** Nothing contained in any subsequent order of this Court or any court of competent jurisdiction in these Cases or any successor bankruptcy case (including, without limitation, any order authorizing the sale of assets pursuant to sections 363, 365 or any other provision of the Bankruptcy Code or any order

19

entered after the conversion of any of the Cases to a case under chapter 7 of the Bankruptcy Code), or in any chapter 11 plan confirmed in any of the Cases or any order confirming any such plan, shall alter, conflict with, or derogate from, the provisions of the APA or this Order, which provisions shall survive and remain in full force and effect and which shall be deemed incorporated into and adopted by any order on confirmation of a plan of reorganization.

22.     **Failure to Specify Provisions**.  The failure specifically to include any particular provisions of the APA or the other agreements contemplated thereby in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA and the other agreements contemplated thereby be authorized and approved in their entirety.  Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

23.     **Access to Certain Records**.  The Debtors and Purchaser agree that the Committee and/or any of the Committee's designated representatives, including without limitation, any Liquidating Trustee appointed in these Cases, has the same right to reasonable access to the Books and Records as the Debtors, as set forth and pursuant to the terms of the APA.  In the event of any dispute relating to the Books and Records, the Court retains jurisdiction to resolve any such dispute.

24.     **Order Controls**.  To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Cases, the terms of this Order shall govern.  To the extent there are any inconsistencies between the terms of this Order and the APA (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

25.     **Back-Up Bidder**.  If the Sale to the Purchaser contemplated by the APA and this Order is not completed for any reason, the Back-Up Bidder shall be deemed the Successful Bidder and the Back-Up Bidder's APA shall be deemed the highest and best offer

Case 09-38188   Document 426   Filed in TXSB on 06/24/10   Page 21 of 23

for the Land Assets.  In such an event, all of the findings and provisions contained in this order shall be applicable to the Back-Up Bidder and the Back-Up Bidder's APA.  The Debtor shall not be required to seek any further order from this Court and may complete the Sale based on this Order and the Back-Up Bidder's APA.

       26.    **Request to Reopen Bidding**.  The request to reopen bidding made by the Back-Up Bidder at the Sale Hearing is denied for those reasons stated by the Court on the record at the Sale Hearing.

Signed this 24th day of June, 2010.

_____
Hon. Jeff Bohm
United States Bankruptcy Judge

21

Approved as to form:

**KING & SPALDING LLP**

By:  /s/ Henry J. Kaim_____
Henry J. Kaim
Texas Bar No. 11075400
HKaim@kslaw.com
Mark W. Wege
Texas Bar No. 21074225
MWege@kslaw.com
Edward L. Ripley
Texas Bar No. 16935950
ERipley@kslaw.com
1100 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 751-3200
Fax: (713) 751-3290

**COUNSEL FOR THE DEBTORS**

By: /s/ James M. Vaughn_____
James Matthew Vaughn
State Bar No. 24028088
Joshua N. Eppich
State Bar No. 24050567
Porter & Hedges, L.L.P.
1000 Main Street, 36th Floor
Houston, TX 77002
713-226-6000
713-228-1331 – facsimile

**ATTORNEYS FOR AMEGY BANK
NATIONAL ASSOCIATION**

By:  /s/ Shari L. Heyen_____
Shari L. Heyen
State Bar No. 09564750
HeyenS@gtlaw.com
1000 Louisiana St., Ste. 1700
Houston, TX 77002
Telephone: (713) 374-3564
Facsimile: (713) 374-3505

**COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

By:  /s/ Patrick L. Hughes_____
Patrick L. Hughes
Texas Bar No. 10227300

1221 McKinney, Suite 2100
Houston, Texas 77010
Telephone No.: (713) 547.2000
Facsimile No.: (713) 547-2600

**COUNSEL FOR VOPAK TERMINALS
NORTH AMERICA, INC.**

By: /s/ D. Bobbitt Noel, Jr.
D. Bobbitt Noel, Jr.
Texas Bar No. 15056500
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel. 713.758.2084
Fax 713.615.5222

**COUNSEL FOR INTERCONTINENTAL
TERMINALS COMPANY, INC.**

23