IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BIGLER LP; | § | Case No. 09-38188 |
| BIGLER LAND, LLC; | § | Case No. 09-38189 |
| BIGLER PETROCHEMICAL, LP; | § | Case No. 09-38190 |
| BIGLER PLANT SERVICES, LP; | § | Case No. 09-38192 |
| BIGLER TERMINALS, LP | § | Case No. 09-38194 |
| | § | |
| Debtors | § | Chapter 11 |
| | § | |
| | § | Jointly Administered Under |
| | § | Case No. 09-38188 |

**JOINDER BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO VOPAK NORTH AMERICA, INC.'S MOTION FOR RECONSIDERATION AND NEW TRIAL OF THE COURT'S SALE ORDER, AND FOR ORDER AUTHORIZING RECEIPT AND SUBMISSION OF ADDITIONAL BIDS ON LAND ASSETS FOR APPROVAL**

The Official Committee of Unsecured Creditors (the "Committee") files this joinder (the "Joinder") to Vopak North America, Inc.'s ("Vopak") Motion for Reconsideration and New Trial of the Court's Sale Order, and for Order Authorizing Receipt and Submission of Additional Bids on Land Assets for Approval (the "Motion for Reconsideration"). In support hereof, the Committee respectfully states as follows:

### I.   Joinder in Motion for Reconsideration

1.   On July 7, 2010, Vopak filed a Motion for Reconsideration and New Trial of the Court's Sale Order, and for Order Authorizing Receipt and Submission of Additional Bids on Land Assets for Approval. This Motion for Reconsideration is set for hearing on July 8, 2010, at 3:00 p.m. Central Standard Time.   Because this Joinder is filed prior to the hearing, it is timely.

2.   At a meeting of the Committee held telephonically on July 7, 2010, the Committee voted to

support the Motion for Reconsideration as seeking relief in the best interests of the creditors and the estates. The Committee hereby joins and adopts Vopak's Motion for Reconsideration including its arguments, contentions, legal precedent, and prayer, as if expressly set out herein, and respectfully requests that the Court (1) reconsider its ruling disallowing Vopak's final bid, as well as the order approving the sale of the land to International Terminals Company LLC ("ITC"); (2) allow Vopak and ITC to tender final bids in Court for the sale of the Debtors' identified land assets; and (3) permit a further hearing to be held to confirm the sale of the Debtors' land assets only after a final submission of bids are made.

3.  In considering the approval of a §363 auction, the Court must balance two competing interests--the need to preserve the integrity and finality of the auction process and to recognize the reasonable expectations of the parties who participated in the auction, versus the governing principle in approving a sale, which is to secure the highest price for the benefit of the estate and its creditors. *See Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 765 (7th Cir. 2004). Here, the Committee strongly believes that the re-opening of the bidding process "would not have unduly frustrate[d] the reasonable expectations of the participants or comprise[d] the integrity of the process." *Paloian*, 368 F.3d at 768.

4.  The Committee believes that re-opening the bidding process will not unduly frustrate the reasonable expectations of the participants or compromise the integrity of the process because the sale of the assets was not final until approved by the Court. Although a Successful Bidder was announced at the conclusion of the auction, the Bid Procedures explicitly state that the Debtors "will be deemed to have accepted a Bid(s) only when the Bid(s) has been approved by the Bankruptcy Court at the Sale Hearing." (Dkt. 309, Exhibit A at 8). In ITC's Response to the Motion for

support the Motion for Reconsideration as seeking relief in the best interests of the creditors and the estates. The Committee hereby joins and adopts Vopak's Motion for Reconsideration including its arguments, contentions, legal precedent, and prayer, as if expressly set out herein, and respectfully requests that the Court (1) reconsider its ruling disallowing Vopak's final bid, as well as the order approving the sale of the land to International Terminals Company LLC ("ITC"); (2) allow Vopak and ITC to tender final bids in Court for the sale of the Debtors' identified land assets; and (3) permit a further hearing to be held to confirm the sale of the Debtors' land assets only after a final submission of bids are made.

3.  In considering the approval of a §363 auction, the Court must balance two competing interests--the need to preserve the integrity and finality of the auction process and to recognize the reasonable expectations of the parties who participated in the auction, versus the governing principle in approving a sale, which is to secure the highest price for the benefit of the estate and its creditors. *See Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 765 (7th Cir. 2004). Here, the Committee strongly believes that the re-opening of the bidding process "would not have unduly frustrate[d] the reasonable expectations of the participants or comprise[d] the integrity of the process." *Paloian*, 368 F.3d at 768.

4.  The Committee believes that re-opening the bidding process will not unduly frustrate the reasonable expectations of the participants or compromise the integrity of the process because the sale of the assets was not final until approved by the Court. Although a Successful Bidder was announced at the conclusion of the auction, the Bid Procedures explicitly state that the Debtors "will be deemed to have accepted a Bid(s) only when the Bid(s) has been approved by the Bankruptcy Court at the Sale Hearing." (Dkt. 309, Exhibit A at 8). In ITC's Response to the Motion for

Reconsideration (the "Response"), ITC claims that such provision does not mean that late bids should be accepted as a routine matter, but that the Court has the ability to disapprove a sale. (Dkt. 440 at 6).

5. Approval of the sale to ITC may result in a windfall to ITC and may not reflect the true market value of the assets. The re-opening of the auction would likely provide a "more level playing field" in balancing the integrity of the process and securing the highest price for these estates and the creditors. *See Paloian*, 368 F.3d at 766.

6. Even if the re-opening of the bidding process may disrupt the expectations of only one participant (*i.e.*, ITC), this disruption would be more than offset because the estates and their creditors would have been more equitably compensated than under the current circumstances. The Debtors' creditors should not be adversely impacted for actions not within their control, but should reap the benefits of the highest price available for the land assets.

7. At the June 23, 2010 hearing, the Court made reference to the "twin pillars" of bankruptcy law--the discharge of the debtor and the satisfaction of valid claims against the estates. The Committee concurs with the Court's statement that this principle indeed is the underlying principle of bankruptcy law. However, the Committee submits that this principle would have been more fully served by the re-opening of the bidding process, thereby allowing a greater satisfaction of valid claims against the estates.

8. The bankruptcy courts, as courts of equity, should strive to maximize the value that creditors ultimately receive from the liquidation of the assets of these estates. Those benefitting from the auction should be the creditors who are already hurting from the general economic downturn.

## II. Prayer

9. For these reasons, the Committee respectfully requests that the Court approve Vopak's Motion for Reconsideration. Specifically, the Committee requests that the Court (1) reconsider its ruling disallowing Vopak's final bid, as well as the order approving the sale of the land to ITC; (2) allow Vopak and ITC to tender final bids in Court for the sale of the Debtors' identified land assets; and (3) permit a further hearing to be held to confirm the sale of the Debtors' land assets only after a final submission of bids are made.

Dated: July 8, 2010                              Respectfully Submitted,

*/s/ Shari L. Heyen*
Shari L. Heyen
State Bar No. 09564750
HeyenS@gtlaw.com
Greenberg Traurig, LLP
1000 Louisiana St., Ste. 1700
Houston, TX 77002
Telephone: (713) 374-3699
Facsimile: (713) 374-3505

and

Clifton R. Jessup, Jr.
State Bar No. 10655020
JessupC@gtlaw.com
Greenberg Traurig, LLP
2200 Ross Ave., Ste. 4700
Dallas, Texas 75201
Telephone: (214) 665-3638
Facsimile: (214) 665-5938

*Counsel for the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 8, 2010, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States Bankruptcy Court for the Southern District of Texas, and was served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail and was directed to BMC Group, Inc., Noticing Agent, for service to the parties on the Master Service List.

*/s/ Shari L. Heyen*
Shari L. Heyen

*HOU 407011307v4*